**Eleanor GROPER, Appellant**

v.

**Barry P. TAFF, et al.**

**No. 83–1595.**

United States Court of Appeals, District of Columbia Circuit.

Submitted June 24, 1983.

Decided Sept. 13, 1983.

As Amended Oct. 7, 1983.

J. Herbie DiFonzo and James L. Rider, Washington, D.C., were on the motion for stay of order disqualifying atty., for appellant.

John T. Coyne and David P. Durbin, Washington, D.C., were on the opposition to motion for stay of order disqualifying atty., for appellees.

Before WRIGHT and SCALIA, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

## MOTION FOR STAY

PER CURIAM:

This is an interlocutory appeal from a district court order granting defendant's motion to disqualify plaintiffs trial counsel from further representation in the underlying action. The appeal presents two questions: whether an order disqualifying counsel is a "final decision" appealable under 28 U.S.C. § 1291 and, if so, whether the district court's order was reasonable under the circumstances presented in this case. We conclude that the order is immediately appealable and affirm.

## I. FACTUAL BACKGROUND

The facts in this case, which we draw from the parties' filings in the district court, need only brief exposition. In early 1979, the plaintiff, Eleanor Groper, her sister, Miriam Birnbach, and her niece, Jami Birnbach, informally established a small knitted sweater business. With some initial financial success, the women decided to incorporate and sought advice from defendant Silver, who apparently was a family friend and attorney to Miriam Birnbach's husband. The three women met with defendant Taff, a member of Silver's law firm, to discuss the incorporation and Taff subsequently incorporated the business, designating Jami Birnbach as its sole director and stockholder.

Although the enterprise continued to prosper, disputes soon arose among the principals concerning the operation of the business. In May of 1981, the women met with Silver, this time in an effort to iron out their disagreements. These efforts proved unsuccessful and there apparently was talk of dissolving the corporation. Groper alleges in her complaint that at this time Jami Birnbach, with the advice and consent of the defendants, seized control of the corporation and its assets.

Sometime during this period, Groper retained Evan Lawson to represent her. Throughout the summer of 1981, the principals—through attorneys Taff and Lawson—searched for a negotiated settlement. When these efforts failed, Groper filed suit in district court against Taff and Silver, alleging, inter alia, that they breached their fiduciary duty to the business by representing Jami Birnbach individually at the time

of incorporation and during that summer's efforts to negotiate a settlement. Taff and Silver answered the complaint by asserting the affirmative defenses of estoppel, waiver, and ratification. In particular, they alleged that Groper should have known of Taff's representation of Jami Birnbach because Taff had so informed Lawson early on in the negotiations. The defendants subsequently asked the district court to disqualify Lawson as Groper's counsel on the ground that Lawson will likely be called as a witness on Groper's behalf to rebut Taff's allegations. *See* ABA MODEL CODE OF PROFESSIONAL RESPONSIBILITY, Disciplinary Rule (DR) 5–102(A) (1981). The district court agreed and disqualified Lawson and his firm from further representation of Groper in the suit. Memorandum Opinion, *Groper v. Taff,* No. 81–3213 (D.D.C. May 10, 1983). Groper noted an appeal and asked that we stay proceedings in the district court pending disposition of the appeal.

## II. ANALYSIS

Before addressing the merits of the district court's order, we must determine whether we have jurisdiction under 28 U.S.C. § 1291 to review the order. Although the Supreme Court has conclusively determined that litigants may not take an immediate appeal from an order denying a motion to disqualify counsel, *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); *cf. Community Broadcasting of Boston v. FCC,* 546 F.2d 1022 (D.C.Cir.1976) (such orders may be reviewed under the All Writs Act, 28 U.S.C. § 1651), the Court expressly reserved the question whether the grant of a disqualification motion is similarly unappealable. *Firestone, supra,* 449 U.S. at 372 n. 8, 101 S.Ct. at 672 n. 8.

■ We find, as have the other circuits which have considered this question after *Firestone,* that disqualification orders are immediately appealable under the collateral order doctrine. *See, e.g., United States v. Agosto,* 675 F.2d 965, 968 n. 1 (8th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 77, 74 L.Ed.2d 74 (1982); *United States v. Cunningham,* 672 F.2d 1064, 1066 n. 1 (2d Cir. 1982); *United States v. Caggiano,* 660 F.2d 184, 189 (6th Cir.1981), *cert. denied,* 454 U.S. 1149, 102 S.Ct. 1015, 71 L.Ed.2d 303 (1982); *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation,* 658 F.2d 1355, 1356–57 (9th Cir.1981), *cert. denied,* 455 U.S. 990, 102 S.Ct. 1615, 71 L.Ed.2d 850 (1982); *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 646 F.2d 1020, 1024–27 (5th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981). Although interlocutory orders ordinarily are not final for purposes of 28 U.S.C. § 1291, they are reviewable under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), if they "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); *see Cohen, supra,* 337 U.S. at 546–47, 69 S.Ct. at 1225–26. Both grants and denials of motions to disqualify satisfy the first two *Cohen* criteria. *See Firestone, supra,* 449 U.S. at 375–76, 101 S.Ct. at 674–675. However, unlike orders denying disqualification, which the Supreme Court concluded failed to satisfy the collateral order doctrine because they are reviewable on appeal after final judgment, *id.* at 377, 101 S.Ct. at 675, an order granting disqualification in a civil case,[1] is, as a practical matter, "effectively unreviewable" on appeal from a final judgment on the merits. *See Duncan, supra,* 646 F.2d at 1026–27.

■ Finding that we have jurisdiction to hear this appeal, we consider and affirm the

---

1. We express no opinion on whether disqualification orders in criminal cases are likewise immediately appealable. *Compare United States v. Greger,* 657 F.2d 1109, 1110–13 (9th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 1891, 77 L.Ed.2d 281 (1983) (disqualification order in criminal case not immediately appealable under collateral order doctrine) *with United States v. Cunningham, supra,* 672 F.2d at 1066 n. 1 (holding such orders appealable).

district court's order.[2] The district court disqualified Lawson from further representation in this suit pursuant to DR 5–102(A), which provides in relevant part that a "lawyer . . . shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial" if he knows or it is obvious that he ought to be called as a witness on his client's behalf.[3] As the district judge observed, application of this rule does not depend on whether an attorney will be called but rather, as the Code provides, on whether he "ought to be called as a witness" in the underlying action. *J.P. Foley & Co., Inc. v. Vanderbilt,* 523 F.2d 1357, 1359 (2d Cir.1975); *Norman Norell, Inc. v. Federated Department Stores,* 450 F.Supp. 127, 129 (S.D.N.Y.1978).

The standard of review we apply in this case is one of abuse of discretion. *See Fred Weber, Inc. v. Shell Oil Co.,* 566 F.2d 602, 605 (8th Cir.1977), *cert. denied,* 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403 (1978); *Hull v. Celanese Corp.,* 513 F.2d 568, 571 (2d Cir. 1975); *Cossette v. Country Style Donuts, Inc.,* 647 F.2d 526, 530 (5th Cir.1981) (applying a "clearly erroneous" standard). Because the district court bears responsibility for supervising the members of its bar and its exercise of this supervisory duty is dis-

cretionary, we will disturb the court's findings only for abuse of discretion. *Hull v. Celanese Corp., supra,* 513 F.2d at 571.[4]

We cannot say that, under the circumstances presented in this case, the district judge abused his discretion in disqualifying Lawson. The judge could reasonably conclude, as he did, that Lawson ought to appear on Groper's behalf in presenting her prima facie case as well as in rebutting Taff's affirmative defenses and therefore that DR 5–102(A) required disqualification. Lawson's continued representation in this case would implicate two principal ethical considerations which underlie the disciplinary rule: Groper's case would be presented through the testimony of an obviously interested witness who is subject to impeachment on that account, and Lawson would be put in the unseemly position of arguing his own credibility. *See* ABA MODEL CODE OF PROFESSIONAL RESPONSIBILITY Canon 9 (1981); ABA Comm. on Ethics and Professional Responsibility, Formal Op. 339 (1975).

Nor do we find error in the district court's conclusion that the enumerated exceptions to the rule requiring disqualification are inapplicable in this case. The first

---

**2.** Having assumed jurisdiction, we have before us Groper's appeal and her motion for injunctive relief *pendente lite.* Because we, on our own motion, decide this appeal on an expedited basis, we dismiss as moot the motion for stay. As a rule, we will give serious consideration to granting injunctive relief or sharply expediting disposition on the merits, in the absence of a stay by the district court of its own proceedings, in order to preserve the interests at stake in this class of cases. *Cf. McSurely v. McClellan,* 697 F.2d 309, 317–18 (D.C.Cir.1982).

**3.** DR 5–102(A) provides:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

DR 5–101(B) provides that a lawyer may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

**4.** We adopt the abuse of discretion standard of review in this case because the district judge's determination that Lawson ought to testify on his client's behalf and therefore that the disciplinary rule's injunction is implicated is factual in nature. We note, however, that a less deferential standard of review may be appropriate when reviewing disqualification orders in which only a purely legal question is at issue. *See, e.g., Woods v. Covington County Bank,* 537 F.2d 804, 810 (5th Cir.1976).

three exceptions, dealing with uncontested testimony, formalities, and legal fees, clearly have no application. The fourth exception, which authorizes continued representation if an attorney's withdrawal "would work a substantial hardship on the client because of the distinctive value [of counsel] in the particular case," also is inapposite. This is a relatively straightforward civil case; neither the contested issues nor the factual background are particularly complex; and, as the district court emphasized, Groper has local counsel (Lawson was admitted *pro hac vice*) who must be prepared at all times to go forward with the case. District Court Rule 1–4(a)(2). In fact, local counsel apparently represented Groper with regard to the subject matter of this case even before the suit was filed. Appellee's Opposition to Stay at 1.

Accordingly, we affirm.