Ruth MOYER, et al., Plaintiffs,

v.

1330 NINETEENTH STREET CORP., et al., Defendants.

C.A. No. 83–2528.

United States District Court, District of Columbia.

May 14, 1984.

John R. Dugan and David H. Shapiro, Washington, D.C., for plaintiffs.

Russell H. Gardner, Jeanne M. Phelan, Baltimore, Md., Frederick B. Abramson, Bernard J. Carl, and Christopher Hassell, Washington, D.C., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

This case involves claims brought pursuant to 42 U.S.C. §§ 1981 and 1985, and a pendent defamation claim. The gravamen of the complaint by the six plaintiffs is that they were denied a contract to operate a coat-check room in a nightspot known as "Numbers" because some of them are black.

Plaintiffs are represented by two attorneys, David H. Shapiro and John R. Dugan, who are not members of the same law firm. In preparing the case, Mr. Shapiro interviewed the former manager of Numbers, Nestor Fernandez. Mr. Fernandez made statements highly prejudicial to the defendants. The statements were reduced to an "affidavit" on July 7, 1983, in Mr. Shapiro's law office. Subsequently, Mr. Fernandez, who is now a defendant in the case, recanted, via a deposition, virtually all of the allegations contained in the affidavit. In essence, Fernandez now asserts that the statements he made to Mr. Shapiro were totally false and motivated by a desire to get revenge because of his firing as the manager of Numbers. In the deposition, Mr. Fernandez also asserted, in essence, that Mr. Shapiro had put words in his mouth and that he did not know the meaning of some of the language found in the "affidavit." Serious questions have also been raised as to whether the "affidavit" was properly notarized by Mr. Shapiro's office manager.

The Court has already ruled that the "affidavit" is admissible at trial as a party admission, Federal Rule of Evidence 801(d)(2), and that its probative value is not substantially outweighed by the danger of unfair prejudice. Federal Rule of Evidence 403. As a result of that ruling, it became apparent to the Court that there was a possibility that Mr. Shapiro might become a witness in this case. The Court's concern with the ethical ramifications of such an event was immediately brought to the attention of all counsel. The Court "should *sua sponte* raise ethical problems involving danger to a just, speedy, and inexpensive remedy, even if the parties do not." *General Mill Supply Co. v. SCA Services, Inc.*, 697 F.2d 704, 711–12 (6th Cir.1982).

The Court requested briefing on the issue by the parties and conducted a hearing into the matter. By agreement of *all* counsel, the court will treat the memorandum of the defendants as a motion to disqualify Mr. Shapiro from serving as counsel for the plaintiffs. Counsel for the plaintiffs have stated that they do not intend to call Mr. Shapiro as a witness, apparently believing their clients' interests can be served by cross-examination of Mr. Fernandez. However, defendants have stated that they will call Mr. Shapiro as an adverse witness at trial to examine him concerning the "affidavit," in light of the Fernandez deposition recanting the statements and accusing Mr. Shapiro of various matters adverse to his clients. Thus, there is no doubt that, if Mr. Shapiro is allowed to remain as counsel in

this case, he will be acting in the dual roles of witness and attorney.

Attorneys appearing in this Court are governed by the Code of Professional Responsibility adopted by the District of Columbia Court of Appeals. Local Rule 4–3(IV)(b). Ethical Consideration 5–9 notes that "[t]he roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state the facts objectively." The relevant Disciplinary Rule ("DR") is 5–102, "Withdrawal as Counsel When the Lawyer Becomes a Witness." That DR provides:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial. . . .

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

Counsel for the plaintiffs argue that § B should control here. They reason that Mr. Shapiro's testimony will not be prejudicial to their clients since it will rebut the testimony of Mr. Fernandez. The Court is not convinced by that argument. If the jury believes Mr. Fernandez, it will obviously be left with the impression that Mr. Shapiro is less than truthful. Surely that will affect any credence given to Mr. Shapiro's arguments on behalf of his clients. Conversely, if the jury believes Mr. Shapiro, that will cast an unfair and prejudicial shadow on the defendants. In addition, the Court concludes that the interests of the plaintiffs, the defendants, and justice require that the allegations of undue influence by Mr. Shapiro with regard to the critical Fernandez "affidavit" not be brushed aside. Thus, § A of the Disciplinary Rule is brought into play. Our Circuit Court recently addressed this issue in *Groper v. Taff*, 717 F.2d 1415 (D.C.Cir.1983):

We cannot say that the ... district judge abused his discretion in disqualifying [plaintiff's attorney]. The judge could reasonably conclude, as he did, that [the attorney] ought to appear ... therefore that DR 5–102(A) required disqualification. [The attorney's] continued representation in this case would implicate two principal ethical considerations which underlie the disciplinary rule: [Plaintiff's] case would be presented through the testimony of an obviously interested witness who is subject to impeachment on that account, and [the attorney] would be put in the unseemly position of arguing his own credibility.

717 F.2d at 1418.

■ Mr. Shapiro's clients' views on this matter are certainly of concern to the Court, but they cannot be controlling. Disciplinary rules may not be waived by the clients since the rules "are also for the protection of the bar and the integrity of the court." *Supreme Beef Processors v. American Consumer Industries*, 441 F.Supp. 1064, 1068 (N.D.Tex.1977) (footnote omitted).

■ The Court has carefully weighed the effects of Mr. Shapiro's disqualification vis-a-vis the interests of the plaintiffs. Both Mr. Dugan and Mr. Shapiro have stated to the Court that Mr. Dugan is anxious, ready, willing, and able to carry on the representation of the plaintiffs by himself on the date now set. As recently as May 9th, in court, Messrs. Dugan and Shapiro repeatedly urged the Court to maintain the trial date of May 14th. Furthermore, Messrs. Shapiro and Dugan have stated that with minor exceptions, the parties have reached virtual agreement on all matters expected to arise at trial, including joint jury instructions. Finally, Mr. Dugan is an experienced lawyer and a former long-time Assistant United States Attorney who has appeared before this Court on many occasions in civil matters. Thus, the Court has no reason to question his competence or ability to try this case alone.

 

Moreover, he has had the able assistance of Mr. Shapiro through the pre-trial of this case. While Mr. Shapiro's assistance would no doubt be of value to Mr. Dugan, there is no reason to believe that the plaintiffs will not be more than adequately represented. The Court would willingly grant a continuance in this case in order for new co-counsel to be retained, but plaintiffs' counsel and their clients are adamant that new counsel is unnecessary. Clearly, the Court's ruling is subject to an interlocutory appeal, *Groper v. Taff, supra,* but plaintiffs are so anxious to proceed to trial that they will forego that right. Given the Court's confidence in the ability of Mr. Dugan, this case, brought under Civil Rights statutes as well as common law defamation, will proceed to trial promptly. Mr. Shapiro has been informed of the Court's decision and has asked if he may remain as co-counsel until the conclusion of the pre-trial of this case. After careful consideration, the Court has concluded that he may do so until trial begins. The dangers inherent in having a lawyer potentially testify as a witness stem from the strong possibility that the lawyer's credibility will be placed in issue or that the jury will be unduly influenced by the testimony. Such potential for prejudicial impact does not exist through and at a settlement or pre-trial conference where no testimony is being taken and no jury is present. In addition, DR 5–102(A) specifically provides that the attorney "shall withdraw from the *conduct of the trial ....*", and does not mention the pre-trial proceedings. Finally, counsel for the defendants have limited their objections to Mr. Shapiro's participation in the trial proceedings only.

For all of the foregoing reasons, it is, by the Court, this 14 day of May, 1984.

ORDERED, that defendants' motion to disqualify Mr. David H. Shapiro and his law firm from participation in the conduct of the trial of this matter be, and the same hereby is, granted; and it is

FURTHER ORDERED, that, effective immediately, the Clerk of the Court shall notify all counsel of the Court's decision contained herein.