**COUNCIL FOR THE NATIONAL REGISTER OF HEALTH SERVICE PROVIDERS IN PSYCHOLOGY, Plaintiff,**

v.

**AMERICAN HOME ASSURANCE COMPANY, et al., Defendants.**

**Civ. A. No. 85–2626.**

United States District Court, District of Columbia.

Nov. 15, 1985.

Allen Snyder, Washington, D.C., for plaintiff.

John Tremain May, Washington, D.C., for defendants.

## MEMORANDUM

GASCH, Senior District Judge.

## I. BACKGROUND

This is a breach of contract case brought by plaintiff against defendant American Home Assurance Company ("Assurance Company"), which agreed to insure plaintiff and to defend it in any suit. Plaintiff Council for the National Register of Health Service Providers in Psychology ("Council") is a nonprofit corporation that publishes a "National Register of Health Service Providers in Psychology," a directory that lists psychologists who voluntarily apply and who meet certain educational and training requirements. In July 1984, plaintiff was sued in Virginia by a class of persons who were not qualified for listing in the directory. *MacHovec, et al. v. Council for the National Register of Health Service Providers, etc.*, 616 F.Supp. 258 (E.D.Va.1985) ("the *MacHovec* case"). From the inception of that antitrust suit, plaintiff alleges it made repeated attempts to contact Assurance Company to obtain the insurer's guidance concerning the course of litigation and to obtain payment of plaintiff's legal bills. The Council retained Clifford Stromberg, then a partner at Hogan & Hartson, to defend the *MacHovec* suit. Mr. Stromberg also attempted to contact Assurance Company. According to the complaint, the insurance company apparently did not respond to any of the letters until defendant informed plaintiff in February, 1985, that it had misplaced all records concerning plaintiff's claim. The

executive officer of the Council, Dr. Alfred Wellner, paid a personal visit to Assurance Company in April, 1985, after which Assurance Company informed plaintiff it had retained a Washington lawyer, John T. Coyne, to review the Council's claim. By this time, the Council had incurred some $593,000 in legal expenses. Mr. Coyne, the Council and Mr. Stromberg negotiated a settlement of the claim, but then, plaintiff alleges, the Council was abruptly informed that Mr. Coyne no longer had authority to settle the matter. Assurance Company has paid plaintiff nothing. Plaintiff has paid $437,000 out of its own funds, with the difference remaining unpaid. It sued to recover those fees under a complaint for breach of contract, breach of fiduciary duty and bad faith refusal to honor an insurance contract.

Before litigation got underway, however, defendant moved to disqualify plaintiff's attorney, Allen Snyder, on the ground that Mr. Snyder works for Hogan & Hartson and Mr. Stromberg of that firm ought to be called on to testify concerning negotiations with Mr. Coyne. In an affidavit, Mr. Coyne disputes plaintiff's contention in Paragraph 21 of its complaint that Mr. Coyne informed Mr. Stromberg that he was authorized to settle the claim and that authorization was later withdrawn by defendant.[1]

Plaintiff counters that in its determination, Mr. Stromberg's testimony is not crucial to its case, that the issue of authorization to settle is relevant but not a key ingredient in its complaint, and that Dr. Wellner can provide testimony based on personal knowledge concerning the settlement negotiations. It provides an affidavit from Dr. Wellner stating that it is plaintiff's preference to proceed under representation by Hogan & Hartson and forego calling Mr. Stromberg to the witness stand.

American Bar Association Disciplinary Rule (ABA DR) 5–102(A), currently in force in the District of Columbia, provides that a lawyer shall not represent a client if he knows that he or a lawyer in his firm ought to be called as a witness. Four exceptions are provided in ABA DR 5–101(B): the first permits testimony where it is related to an uncontested matter; the second, where the testimony relates solely to a formal matter not expected to be substantially contested; the third, where the testimony relates solely to the nature and value of legal services rendered; and the fourth, where the exclusion of the lawyer or firm would work a substantial hardship on the client.

Defendant Assurance Company contends the key word in DR 5–102(A) is "ought": a lawyer should not represent a client if he or someone from his firm "ought" to testify on a matter. Thus, defendant claims, it is irrelevant that plaintiff is willing to forego Mr. Stromberg's testimony, because his testimony is needed on a key disputed fact, and because defendant may wish to call Mr. Stromberg itself. Plaintiff responds that because Mr. Stromberg's testimony is not necessary to the case, it may make an informed decision not to have its lawyer testify. The Council further argues that disqualification of Hogan & Hartson would work a substantial hardship on plaintiff and thus this case falls into the exception under DR 5–101(B)(4). For the reasons stated below, the Court has determined that Hogan & Hartson should be permitted to continue to represent plaintiff.

---

**1.** Evidence concerning negotiation of settlement of the disputed claim would be admissible at trial because it is not offered to prove liability for the claim or its amount. *See* Fed.R.Evid. 408. Rather, this evidence is offered by plaintiff to support, and by defendant to negate, claims of bad faith on the part of the insurance carrier. Several courts have permitted the admission of such evidence in similar circumstances. *See Urico v. Parnell Oil Co.,* 708 F.2d 852, 854 (1st Cir.1983) (rule 408 does not bar evidence on settlement negotiations offered to excuse plaintiff's failure to mitigate damages); *Liberty Mutual Insurance Co. v. Davis,* 412 F.2d 475, 483 (5th Cir.1969) (evidence on negotiations properly allowed); *Clark v. Interstate National Corp.,* 486 F.Supp. 145, 146 (E.D.Pa.), *aff'd without opinion,* 636 F.2d 1207 (3rd Cir. 1980) (insurer's failure to accept settlement proposal evidence of bad faith); *Fireman's Fund Insurance Co. v. Superior Court,* 72 Cal.App.3d 786, 140 Cal.Rptr. 677, 680 (1977) (permitting evidence by insured's attorney concerning negotiations where bad faith alleged).

## II. DISCUSSION

■ In *Groper v. Taff,* 717 F.2d 1415, 1418 (D.C.Cir.1983), this Circuit held that the application of DR 5-102(A) does not depend on whether a lawyer will be called as a witness, but on whether he *ought* to be called. However, the *Groper* court also noted that the decision on disqualification is left to the discretion of the trial judge. *Groper, supra,* 717 F.2d at 1418. Furthermore, the word "ought" implies some kind of necessity for the attorney's testimony, and may be distinguished from cases where the lawyer "may" be called. In the former case, the lawyer should be called regardless of whether the client would rather waive application of the disqualification rule. In the latter case, where a lawyer's testimony is not a necessity, a court, upon considering all relevant facts, may permit a client to waive the dictates of the rule. *Healthcrest, Inc. v. American Medical International, Inc.,* 605 F.Supp. 1507, 1509 (N.D.Ga.1983).

■ This would seem the more rational approach in a case such as the one before this Court, where plaintiff has another witness, Dr. Wellner, who was intimately involved in the negotiation process and is available to testify from personal knowledge concerning the disputed factual issue. (Aff. of Wellner, ¶ 6). Furthermore, if the defendant wishes to call Mr. Stromberg despite plaintiff's decision to forego his testimony, defendant may do so even if plaintiff is represented by Hogan & Hartson. *See Universal Athletic Sales Co. v. American Gymn, et al.,* 546 F.2d 530, 539 (3rd Cir.1976), *cert. denied sub nom. Super Athletics Corp. v. Universal Athletics Sales Co.,* 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977) (holding that where a lawyer's testimony is not indispensable, he should be allowed to testify even though his firm represented one of the parties). *See also J.D. Pflaumer, Inc. v. Department of Justice, et al.,* 465 F.Supp. 746, 747 (E.D.Pa.1979) (holding that if a party in its own judgment determines an attorney's testimony is not crucial, the party may forego the lawyer's testimony and continue to be represented by him or his firm). Thus the case at hand may be distinguished from *Groper* because here, the attorney's testimony is not necessary to establish a crucial element of the case.

The present case may also be distinguished from *Moyer v. 1330 Nineteenth St. Corporation,* 597 F.Supp. 14 (D.D.C.1984), upon which defendant relies. In *Moyer,* the attorney was likely to be called to testify about allegations that he personally participated in falsifying an affidavit that was crucial to the case before the court. *Id.* at 15. Obviously, that situation implicates the integrity of the judicial system far more than the simple case presented here. Defendant further relies on *MacArthur v. Bank of New York,* 524 F.Supp. 1205 (S.D. N.Y.1981), which held that a client may not waive the protection of DR 5-102(A) where a lawyer "ought" to be called as a witness. However, that court also noted that the rule requires careful evaluation of the relevant issue upon which the lawyer might testify, and whether other testimony is available to resolve that issue. *Id.* at 1208. As noted above, that is exactly the case the Court has before it here.

■ In the alternative, Hogan & Hartson should be permitted to continue to represent plaintiff because to disqualify the firm would cause undue hardship to the Council. DR 5-101(B)(4). Hogan & Hartson is very familiar with the lengthy and complicated *MacHovec* litigation that underlies this case, while it would take several months for replacement counsel to master these details. Furthermore, if Hogan & Hartson is disqualified from representing plaintiff, defendant's counsel would likely be disqualified as well, because Mr. Coyne, who allegedly negotiated the settlement for defendant, is connected to the law firm representing defendant in the present litigation. Dual disqualification at this point would be extremely expensive for both parties and cause undue delay in the judicial process. The exceptions to DR 5-102(A) specifically allow representation to continue where a client would suffer sub-

stantial personal or financial hardship. DR 5–101(B)(4). This is such a case.

Under another exception to the disqualification rule, DR 5–101(B)(3), lawyers from Hogan & Hartson would be permitted to testify concerning a key issue in this litigation, the nature and value of the legal fees incurred in the *MacHovec* litigation. *See Griesemer v. Retail Store Employees Union, etc.*, 482 F.Supp. 312, 315 (E.D.Pa. 1980). At its heart, the major issue in this case is the reasonableness of the attorneys fees. Under DR 5–101(B)(3), Mr. Stromberg would be permitted to testify on that issue even if Hogan & Hartson represented the Council. Thus it would seem a hollow victory for ethics to invoke the disqualification rule here, where it would serve no other purpose than to run up legal bills (which defendant may in the end have to pay) while lawyers from Hogan & Hartson would be permitted to take the stand in any case.

In sum, where an attorney's testimony may be relevant but is not necessary to a case, the best approach is to consider the motion to disqualify in light of the total circumstances of the case, including the client's desires. The Court is also aware that DR 5–102(A) may be used as a delaying tactic and is on guard to prevent the rule from being so abused. *See J.P. Foley & Co. v. Vanderbilt*, 523 F.2d 1357, 1360 (2d Cir.1975) (Gurfein, J., concurring); *Greenebaum-Mountain Mortgage Co. v. Pioneer National Title Insurance Co., et al.*, 421 F.Supp. 1348, 1352 (D.Colo.1976). Because there are other witnesses available to testify concerning the settlement negotiations and the issue of bad faith, because there are exceptions to the rule that would permit Hogan & Hartson attorneys to testify in any case, and because the complaint presents preliminary evidence of intentional delay by defendant, the Court concludes the issue is best resolved by permitting the case to proceed with both parties represented by current counsel. Therefore, defendant's motion to disqualify plaintiff's attorney is denied.