GOTHARD, Judge.
This is a case to disqualify the attorney for a succession. Because of the procedural problems it contains, we do not consider the merits, but remand to the trial court for further proceedings.
The matter arose out of a petition to contest a will in probate and/or claim against the succession of William Kohl-mann Gauthier M.D. filed by Mrs. Verna M. Parker and Mrs. Muriel Bridges. The petition included the motion to disqualify Mr. M. Arnaud Pilie as the attorney for the succession in the proceedings for conflict of interest (DR 5-101, DR 5-102) and for breach of fiduciary duty to the succession (LSA-C.C.P. art. 3182). In response to the motion to disqualify, Kathye Gauthier Stevens, testamentary executrix of the succession, filed an exception of no cause of action denying the grounds urged for Mr. Pilie’s disqualification.
*866 A hearing on this motion was held on May 16,1986 and on July 25, 1986 the trial judge ruled as follows:
JUDGMENT
This matter came before the Court on an exception of no cause of action filed by Kathye Gauthier Stevens, testamentary executrix of the succession of William Kohlman Gauthier, M.D.
The Court having considered the pleadings, argument and briefs of counsel and being of the opinion that the exception is not well founded,
IT IS ORDERED, ADJUDGED AND DECREED that the exception of no cause of action is hereby denied.
On September 4, 1986 the trial judge apparently on his own motion signed an amended judgment as follows:.
AMENDED JUDGMENT
This matter came before the Court on an exception of no cause of action filed by Kathye Gauthier Stevens, testamentary executrix of the succession of William Kohlman Gauthier, M.D.
The Court having considered the pleadings, argument and briefs of counsel and being of the opinion that the exception is not well founded,
IT IS ORDERED, ADJUDGED AND DECREED that the exception of no cause of action is hereby denied.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiffs motion to remove Mr. M. Ar-naud Pilie as the attorney in these proceedings before this Court be and is hereby granted.
On September 16,1986 Mr. Pilie took a writ and an appeal from both judgments. On January 30, 1987 this court consolidated both matters for review, finding the same issue contained in the writ as in the appeal.
The appeal was initially granted despite the rule that an interlocutory judgment is appealable only if irreparable injury will result, LSA-C.C.P. art. 2083. We were of the opinion that the circumstances presented by Mr. Pilie formed sufficient grounds for an appeal. Mr. Pilie appeared not only to have applied to this court to have an injury done to himself redressed, but also to maintain rights important to the succession, a denial of which might cause irreparable harm. We felt it important that this court should exercise its supervisory jurisdiction to review the disqualification and removal of the designated attorney in a probated will from representation of the succession against an attack on said will.
Our review of the appealed judgments reveals, however, that the amended judgment, dated September 4, 1986, is null on the face of the record. The change in the decree from the denial of the exception of no cause of action, to include the order to remove Mr. Pilie as attorney for the succession in the case, is clearly a substantive modification of judgment. Such a change is not allowed under LSA-C.C.P. art. 1951 and the proper recourse is a timely application for a new trial or a timely appeal if both parties do not agree to the change. Villaume v. Villaume, 363 So.2d 448 (La.1978). In the absence of evidence of argument on the amendment or stipulation by the parties, the amendment was inappropriate. Therefore, this leaves only Mr. Pilie’s appeal from the original judgment of July 25, 1986 before us for consideration.
As already noted, the original judgment simply denied the executrix’s exception of no cause of action. Although in written reasons the trial judge expressed his intention to order Mr. Pilie’s removal as succession attorney in this case, the judgment does not contain such an order. It is well established that the reasons expressed by a court are entirely separate and distinct from and form no part of the decree which is the definitive judgment. Villaume v. Villaume, supra. Accordingly, we address only the correctness of the denial of the exception of no cause of action.
Our review of a judgment on an exception of no cause of action is limited to the allegations in the pleadings. LSA-C.C.P. art. 927; Darville v. Texaco, Inc., 447 So.2d 473 (La.1984), writ denied 448 So.2d 1302. Since the allegations in the matter before us do state an action under our *867 state’s professional rules of conduct, i.e., the conflict of interest created by Mr. Pilie acting as attorney for the succession in a trial in which it is likely he will be a material witness,[1] the exception was properly denied. However, we emphasize that while we affirm the July 25, 1986 judgment, we do not also affirm or address the issue of Mr. Pilie’s disqualification. No valid judgment on that issue exists for our review.
With regard to the issue whether to disqualify Mr. Pilie as attorney for the succession in this case, we note that Mr. Pilie has conceded in appellate brief the necessity to withdraw from the conduct of the trial. He asks only that he be allowed to represent the succession until the conclusion of pretrial proceedings. He argues that there is nothing in the language of the pertinent disciplinary rules to exclude him from pretrial representation.[2] He also cites a federal court decision, Moyer v. 1330 Nineteenth Street Corp., 597 F.Supp. 14 (1984), which holds that an attorney who will be called as a witness and disqualified from participating in the trial nevertheless could remain as co-counsel until conclusion of the pretrial of the case. However, since this issue is not properly before us, we have no authority to consider it.
Accordingly, the amended judgment of September 4, 1986 removing Mr. Pilie as attorney for the succession in this case is vacated. The original judgment of July 25, 1986 dismissing an exception of no cause of action is affirmed and the case is remanded for further proceedings consistent with these findings. Costs are to be paid by appellant.

JUDGMENT OF SEPTEMBER 4, 1986 ANNULLED; JUDGMENT OF JULY 25, 1986 AFFIRMED AND CASE REMANDED.

. Model Rule 3.7. (Lawyer as Witness), effective January 1, 1987. For prior rules, see, DR 5-101, DR 5-102.

. DR 5-102 in pertinent part provides: "If, after undertaking employment ... a lawyer learns ... that he ought to be called as a witness ... he shall withdraw from the conduct of the trial ...” The rule does not further prohibit a lawyer from continuing representation in pretrial of the case.