**Davisair Inc. v. Butler Air Inc.**

C.P. of Allegheny County, no. GD97-18920.

*Frederick M. Davis,* for plaintiff.
*Vincent P. Szeligo,* for defendant.

WETTICK, *J.,* November 18, 1998—Defendant's motion to disqualify plaintiff's counsel is the subject of this opinion and order of court.

This is a breach of contract action based on a breach of an alleged oral agreement under which defendant agreed to sell various assets to plaintiff. The complaint alleges that the oral agreement was formed during an October 21, 1997 meeting attended by Gary Davis (plaintiff's president) and Frederick M. Davis (the son of Gary Davis/plaintiff's counsel) on behalf of plaintiff, and Frank Calandra (defendant's president) and Robert Williams (defendant's general manager) on behalf of defendant.

Defendant denies that an oral contract was formed at the October 21, 1997 meeting. According to defendant's motion to disqualify, Mr. Calandra and Mr. Williams will be presenting testimony that the parties did not agree upon the sale of any assets, as set forth in plaintiff's complaint, and that Gary Davis is unable to recall the exact oral statements which constituted an offer of sale or an acceptance of the alleged offer. Consequently, plaintiff cannot prevail without the testimony of its counsel, Frederick M. Davis.

Defendant intends to schedule the deposition of Attorney Davis in the near future. Defendant contends that Mr. Davis should be disqualified from representing plaintiff throughout the remainder of these proceedings.

Defendant bases its motion to disqualify on Rule 3.7 of the Pennsylvania Rules of Professional Conduct which reads as follows:

"(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:

"(1) the testimony relates to an uncontested issue;

"(2) the testimony relates to the nature and value of legal services rendered in the case; or

"(3) disqualification of the lawyer would work substantial hardship on the client.

"(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 [Conflict of Interest: General Rule] or Rule 1.9 [Conflict of Interest: Former Client]."

The rule, as written, does not bar Mr. Davis from representing plaintiff at any time prior to trial. It states only that a lawyer "shall not act as *an advocate at a trial* in which the lawyer is likely to be a necessary

witness." Consequently, unless this rule should be read in a broader manner than the manner in which it is drafted, defendant is not entitled to a court order barring plaintiff's counsel from representing plaintiff prior to the trial of these proceedings. Nothing within the comment to Rule 3.7 suggests that the rule is intended to reach situations not explicitly covered by the language of the rule.

Rule 3.7 was a departure from the prior rules (Disciplinary Rules 5-101(B) and 5-102 of the Code of Professional Responsibility) which prohibited a lawyer from undertaking employment in contemplated or pending litigation if the lawyer knew or it was obvious that the lawyer or any other lawyer in the lawyer's law firm ought to be called as a witness on disputed factual issues (with limited exceptions similar to those within Rule 3.7) and which required the lawyer to withdraw when the lawyer learned or it became obvious that the lawyer or any other lawyer in the law firm ought to be called as a witness on behalf of the client. See *General Mills Supply Co. v. SCA Services Inc.*, 697 F.2d 704 (6th Cir. 1982). But see *Moyer v. 1330 Nineteenth Street Corp.*, 597 F. Supp. 14, 17 (D.D.C. 1984). Current Rule 3.7 disqualifies only the lawyer who will offer testimony on contested issues; other lawyers within the law firm may continue to represent the client at trial. Also, as I previously stated, it bars the lawyer who will testify only from acting as an "advocate at trial." There is no prohibition against providing representation prior to the trial.

The comment to Rule 3.7 states that the purpose of the disqualification is to prevent the combining of the roles of advocate and witness in order to prevent prejudice to the opposing party:

"A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof."

Defendant contends that Rule 3.7 should bar Mr. Davis from acting as counsel at any depositions or at other pretrial proceedings because at any trial at which he testifies, depositions are likely to be offered. Consequently, the jury will know that Mr. Davis had been acting as counsel for plaintiff prior to the trial of the case. This argument has been accepted by the United States District Court for the Eastern District of Pennsylvania in *Massachusetts School of Law at Andover Inc. v. American Bar Association,* 872 F. Supp. 1346, 1380-81 (E.D. Pa. 1994), *aff'd,* 107 F.3d 1026 (3d Cir. 1997) ("In framing questions during depositions, it is all but impossible for the questioner not to inject his or her own knowledge and assumptions into the questions. Where the questioner personally knows many details and facts about the case, . . . there is the danger that the deposition questions will become testimony. Similarly, in arguing pretrial motions, oral advocacy may impermissibly become testimony. Therefore, the ABA's motion to disqualify the five MSL counsel from not only acting as trial counsel, but also from taking depositions and arguing pretrial matters in court, must be granted."), and by the United States District Court for the District of Colorado in *World Youth Day Inc. v. Famous Artists Merchandising Exchange Inc.,* 866 F. Supp. 1297, 1304 (D. Colo. 1994) ("Realistically, the testimony from oral depositions in this case cannot easily be taken and read into evidence without revealing Zalon's identity as the deposing attorney. Indeed, Zalon

himself probably will be deposed. Moreover, it is naive to believe that depositions are divorced from trial advocacy. Depositions are routinely utilized at trial for impeachment, and to present testimony in lieu of live testimony where the witness is unavailable. The skill of deposing counsel on direct and cross-examination is necessarily woven into the fabric of the trial itself.").

I do not find this argument to be persuasive. During depositions, counsel asks questions. In pretrial proceedings, counsel makes legal arguments. Counsel does not offer testimony in either instance.

Both opinions recognize the obvious—that the jury will know that a lawyer who is offering testimony at trial was also assisting the client in the preparation of the case. But this is what the jury would expect. Furthermore, if the jury did not otherwise know of this relationship, opposing counsel would bring it to the jury's attention for the purpose of impeaching counsel's testimony by showing bias. Rule 3.7 is not intended to prevent a jury from knowing that the lawyer who is a witness, previously represented the party calling the lawyer as a witness. The purpose of Rule 3.7 is to eliminate the situation in which the lawyer who testified is commenting on the testimony that he or she gave.

The ABA model rules from which Pennsylvania's Rules of Professional Conduct are derived were carefully and thoughtfully drafted by highly competent practitioners and law professors. In arriving at the decision to prohibit the lawyer who will be a necessary witness only from acting as an "advocate at trial," the drafters would have addressed the issue of whether an opposing party is sufficiently protected from the prejudice that can occur through the combination of roles of advocate and witness by limiting disqualification to trial pro-

ceedings. Since the issues that concerned the courts in the two opinions cited above would have been considered, these courts are rewriting rather than interpreting Rule 3.7.[1]

In the present case, defendants intend to schedule the deposition of plaintiff's counsel. ABA informal opinion 89-1529 recommends that other counsel represent a party at a deposition of a party's attorney:

"[A]lthough Rule 3.7 does not specifically prohibit a lawyer from representing the client at the lawyer's own pretrial deposition, better practice is that another lawyer serve as counsel to the client at that deposition."

For these reasons, I enter the following order of court:

## ORDER

On November 18, 1998, it is hereby ordered that the motion to disqualify Frederick M. Davis, Esquire as counsel for plaintiff is denied without prejudice to seek disqualification at the trial of these proceedings at an appropriate time.

---

1. In ABA informal opinion 89-1529, the Committee on Ethics and Professional Responsibility of the American Bar Association concluded that Model Rule 3.7 does not prevent a lawyer who is likely to be a necessary witness on a contested matter at trial from representing a party in discovery, preliminary motions, or other pretrial proceedings. Also see the opinion of the United States Court of Appeals for the First Circuit in *Culebras Enterprises Corp. v. Rivera-Rios,* 846 F.2d 94, 99-101 (1st Cir. 1988), which held that the "advocate at a trial" provision of Rule 3.7 should not be read as prohibiting the rendition of case-related out-of-court services prior to trial. This opinion referred to the ABA background materials to Model Rule 3.7, the various advocate-witness prohibitions codified by the American Bar Association, and prior case law.