HANS J. LILJEBERG, Judge.
| ^.Plaintiff, City of Gretna (Gretna), appeals the district court’s declaratory judgment in favor of defendant, Mark Morice. For the reasons that follow, we find that the judgment is not a final, appealable judgment. Accordingly, we dismiss the appeal without prejudice and remand for further proceedings.

FACTS & PROCEDURAL HISTORY

This case arises out of a dispute between Gretna and Mr. Morice over the construction of a residential fence to be erected at 175 Willow Drive in Gretna, Louisiana. On January 13, 2012, Gretna filed a Petition for Declaratory Judgment, that was allotted to Division “P” of the Twenty-Fourth Judicial District Court, praying inter alia: (1) that defendant, Mr. Morice, be “duly cited to appear and answer the allegations contained in” the Petition for Declaratory Judgment; (2) that “after due proceedings are had, there be a judgment in favor of [Gretna] declaring that [Gretna] shall issue a construction permit to” Mr. Morice in a manner that is consistent with Gretna Code of Ordinances § 18-7 as amended in 2011; and (3) that all prior actions taken by Gretna relative to the fence are valid and reasonable and that no amounts are owed by Gretna to Mr. Mor-ice in connection to the fence.
On March 30, 2012, Mr. Morice recon-ventionally petitioned for a writ of mandamus ordering Gretna to issue the building *470 permit at the height, manner, and location previously determined by the district court in Division “H” on August 24,142011, when Mr. Morice was found not guilty of violating pre-amended GCO § 18-7. Mr. Mor-ice argued that a judicial determination existed that his fence did not exceed the height limit pursuant to the pre-amended GCO § 18-7 in effect at the time the fence was constructed. Mr. Morice also filed Peremptory Exceptions of No Right or Cause of Action and Res Judicata. These exceptions were denied in a separate judgment and Gretna was allowed to pursue a declaratory judgment with the exception of declaratory relief that no amounts are owed by the city of Gretna to Mr. Morice in connection with the fence.
On September 21, 2012, the district court issued a judgment granting declaratory relief. It is from this judgment that Gretna now appeals.

JUDGMENT

The district court’s judgment contains one page of incorporated written reasons followed by its decree. The decree states:
The Court after considering the pleadings, evidence, argument of counsel and the law:
IT IS ORDERED, ADJUDGED AND DECREED that the Petition for Declaratory Judgment filed on behalf of The City of Gretna, be and is hereby Granted;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Restrictive Covenants of the Garden Park Estates Owner’s Association shall be controlling as to the methodology in erecting a fence in said subdivision. The “side fences” when erected between the front building line and the rear property line, shall not exceed six (6) feet in height measured from the highest adjacent ground elevation;
PIT IS FURTHER ORDERED, ADJUDGED AND DECREED that Section 18-7 of the municipal code of the City of Gretna is silent as to the methodology which should be used to ensure that fences are not more than six (6) feet in height. Any amendments to Section 18-7 shall not have a retroactive effect unless it is specifically stated in legislation.
We find that the judgment appealed is not a valid, final judgment. Therefore, this Court lacks jurisdiction to consider the merits of Gretna’s appeal. While the district court’s reasons addressed all claims, the decree addresses only Gretna’s action for declaratory relief, but is silent as to Mr. Morice’s reconventional demand seeking mandamus relief that he be permitted to reconstruct his fence at the height, manner, and location previously determined by the district court in Division “H.”
The district court’s judgment encompassed both the district court’s written reasons and decree. While La. C.C.P. art. 1918 does not render invalid an otherwise complete and valid judgment except for the inclusion of reasons, it does require a final judgment be identified as such by appropriate language. Hinchman v. International Broth, of Elec. Workers, 292 So.2d 717 (La.1974). A final judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. Input/Output Marine Systems, Inc. v. Wilson Great-batch Technologies, Inc., 10-477 (La.App. 5 Cm. 10/29/10), 52 So.3d 909, 916. The specific relief granted or denied should be determinable from the judgment itself without reference to an extrinsic source such as pleadings or reasons for judgment. Id.; Babin v. State Farm Mutual Automo *471 bile Insurance Company, 11-192 (LaApp. 5 Cir. 9/27/11), 76 So.3d 100, 102. Jurisprudence [ fireflects a well-settled rule that the district court’s oral or written reasons for judgment are separate and distinct from and form no part of the decree which is the definitive judgment, and that appellate courts review judgments, not reasons for judgment. Parker v. Succession of William Gauthier, M.D., 508 So.2d 865, 867 (LaApp. 5 Cir.1987); Wooley v. Luck-singer, 09-0571 (La.4/1/11), 61 So.3d 507, 572; Bellard v. American Cent. Ins. Co., 07-1335 p. 25 (La.4/18/08), 980 So.2d 654, 671; Alvarez v. Ciasen, 06-304 (LaApp. 5 Cir. 10/31/06), 946 So.2d 181, 184. “The written reasons for judgment are merely an explication of the trial court’s determinations. They do not alter, amend, or affect the final judgment being appealed. ...” Wooley v. Lucksinger, 09-0571 (La.4/1/11), 61 So.3d at 572, citing State in the Interest of Mason, 356 So.2d 530, 532 (LaApp. 1 Cir.1977).
Since the district court rendered a partial judgment as to less than all the claims asserted, and the judgment has not been designated as a final judgment by the court “after an express determination that there is no just reason for delay,” the judgment of the court is not a final judgment under La. C.C.P. art.1915, and is not appealable as one “in which appeals are given by law” under La. C.C.P. art.2083. See Claiborne Medical Corporation, et al v. Gulnaz Siddiqui, 12-759 (LaApp. 5 Cir. 2/28/13), 113 So.3d 1109, 1113, citing La-violette v. Dubose, 07-916 (La.App. 5 Cir. 3/25/08), 983 So.2d 160, 162.
Accordingly, we dismiss the appeal without prejudice and remand the matter to the district court for further proceedings.

APPEAL DISMISSED; REMANDED