MARC E. JOHNSON, Judge.
| ;>Plaintiff/Appellant, the City of Gretna (hereinafter referred to as “Gretna”), appeals a judgment concerning the erection of a fence that granted the mandamus relief requested in the reconventional demand of Defendant/Appellee, Mark Mor-ice, filed in the 24th Judicial District Court, Division “P”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This is the second appeal between the parties on this issue. This case arises from a dispute between Gretna and Mr. Morice over the construction of a residential fence at 175 Willow Drive in Gretna, Louisiana. On October 12, 2010, Mr. Mor-ice submitted an application to Gretna for a building permit to erect a fence. On October 22, 2010, Gretna issued a building permit to Mr. Morice, and he commenced the erection of the fence on October 29, 2010.
| .¡After receiving anonymous complaints regarding the height of the fence, Gretna inspected Mr. Morice’s fence on February 18, 2011, and found it did not comply with the building permit because it was more than six feet in height when measured *825 from the lowest point of the immediately adjacent grade. Gretna issued a stop-work order on February 23, 2011. Thereafter, Mr. Morice and Gretna had meetings to discuss the height of the fence without any resolution.
Consequently, Gretna prosecuted Mr. Morice in municipal court, and Mr. Morice was found guilty on April 14, 2011 of violating Gretna City Ordinance § 18-7 (hereinafter referred to as “GCO § 18-7”) and was fined $300.00. Mr. Morice appealed the decision of the municipal court. While the appeal was pending, Gretna removed Mr. Morice’s fence. Gretna placed a lien on Mr. Morice’s property for the costs of the removal of the fence.
After appealing the municipal court’s decision to the 24th Judicial District Court, Mr. Morice was found not guilty of violating GCO § 18-7 on August 24, 2011. On August 25, 2011, Mr. Morice applied for a building permit to reconstruct the fence that was removed by Gretna. The application was neither denied nor approved.
The following facts concerning the procedural history of the case are taken from the first appeal, The City of Gretna v. Morice, 13-85 (La.App. 5 Cir. 10/30/13); 128 So.3d 468, 469-70:
On January 13, 2012, Gretna filed a Petition for Declaratory Judgment, that was allotted to Division “P” of the Twenty-Fourth Judicial District Court, praying inter alia: (1) that defendant, Mr. Morice, be “duly cited to appear and answer the allegations contained in” the Petition for Declaratory Judgment; (2) that “after due proceedings are had, there be a judgment in favor of [Gretna] declaring that [Gretna] shall issue a construction permit to” Mr. Morice in á manner that is consistent with Gretna Code of Ordinance[ ] § 18-7 as amended in 2011; and (3) that all prior actions taken by Gretna relative to the fence are valid and reasonable and that |4no amounts are owed by Gretna to Mr. Morice in connection to the fence.
On March 30, 2012, Mr. Morice recon-ventionally petitioned for a writ of mandamus ordering Gretna to issue the building permit at the height, manner, and location previously determined by the district court in Division “H” on August 24, 2011, when Mr. Morice was found not guilty of violating pre-amend-ed GCO § 18-7. Mr. Morice argued that a judicial determination existed that his fence did not exceed the height limit pursuant to the pre-amended GCO § 18-7 in effect at the time the fence was constructed. Mr. Morice also filed Peremptory Exceptions of No Right or Cause of Action and Res Judicata. These exceptions were denied in a separate judgment and Gretna was allowed to pursue a declaratory judgment with the exception of declaratory relief that no amounts are owed by the city of Gretna to Mr. Morice in connection with the fence.
On September 21, 2012, the district court issued a judgment granting declaratory relief.
[Emphasis in original].
The September 21, 2012 judgment decreed in Mr. Morice’s favor that GCO § 18-7 was silent as to the methodology that should have been used to ensure that fences were not more than six feet in height, and that any amendment to the Section did not have a retroactive effect. Additionally, the judgment decreed that the restrictive covenants of the Garden Park Estates Homeowner’s Association (hereinafter referred to as “GPEHA”) controlled as to the methodology in erecting a fence in the Garden Park Estates subdivision, and that the side fences erected between the front building line and the rear property line could not exceed six feet in *826 height measured from the highest adjacent ground elevation. Gretna appealed that judgment in Morice, supra.
On appeal, Gretna sought to have the declaratory relief in favor of Mr. Morice reviewed. However, this Court found that it lacked the jurisdiction to review the merits of Gretna’s appeal because the judgment in question was not a final, ap-pealable judgment as it resolved Gretna’s claims in its petition but was silent as to Mr. Morice’s claims in his reconventional demand. Consequently, the appeal was dismissed and remanded to the trial court.
Morice at 471.
|sOn remand, the trial court rendered a second judgment on November 19, 2013. The judgment granted Gretna’s petition, ordered that Mr. Morice be permitted to erect a fence in accordance with the methodology set forth in the GPEHA restrictive covenant, and reiterated the findings of the September 21, 2012 judgment. The trial court also granted Mr. Morice’s re-conventional demand for mandamus and ordered Gretna to issue a permit to Mr. Morice to construct a fence in the manner set forth in GPEHA’s restrictive covenant in the size, manner and location as it was prior to the original fence’s removal. Gretna filed a Motion for New Trial, which was denied on January 21, 2014. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Gretna alleges the trial court erred in 1) failing to enforce GCO § 18-7 using the plain and 'general prevailing meaning according to Gretna’s interpretation; 2) determining that GCO § 18-7 is silent as to the methodology for determining fence height; 3) failing to give appropriate weight and deference to the interpretation given the ordinance by the municipality that enacted it; 4) deciding the fence-height restrictions of the GPEHA restrictive covenant should be used instead of the GCO § 18-7, which is more restrictive than the restriction of the restrictive covenant; 5) failing to specify the principles which should apply to the back fence at the Morice property; and 6) ordering Gretna to issue a building permit to Mr. Morice, which allows a private fence to be built on Gretna’s property, thereby excluding city property from public use.
LAW AND ANALYSIS[1]

Interpretation of Gretna Ordinance, Section 18-7

Gretna alleges the trial court was erroneous in applying GPEHA’s restrictive covenants instead of applying GCO § 18-7. Gretna argues that the plain language | ñof the ordinance and the height restriction in the permit are clear and unambiguous in that they require that the height of a fence shall not exceed six feet, and that its interpretation of the ordinance — that the measurement of the six feet starts from the immediately adjacent grade — should have been given deference by the trial court because it was the legislative body that enacted the ordinance. Gretna also argues that the GPEHA restrictive covenants could not be used because they are less stringent than its ordinances. Gretna contends that the GPEHA covenants may be more restrictive than the city ordinances, but they may not be less restrictive because the ordinances apply to all of Gret-na’s citizens. Gretna claims that, because its ordinance is clear and unambiguous, a declaration should be issued restricting the *827 maximum height of any fence that may be permissibly rebuilt to a height of six feet above the immediately adjacent grade.
Mr. Morice maintains the trial court was correct in its ruling because the pre-amended GCO § 18-7, the ordinance. in effect at the time his fence was removed, was silent as to where the measurement of the six feet began. Mr. Morice contends the ordinance is subject to more than one interpretation, and the ambiguity in the ordinance should be construed in his favor. He avers that Gretna admitted there was ambiguity in its ordinance, and it amended GCO § 18-7 in 2011 in an attempt to correct its mistake. Mr. Morice further contends that Gretna’s interpretation of GCO § 18-7 was an unwritten policy, and Gret-na failed to present any evidence to support its position.
Additionally, Mr. Morice maintains the building permit issued by Gretna mandated that he follow the GPEHA. covenant in erecting the fence through the use of the language, “ERECT FENCE IN REAR AND SIDE YARD AS PER G.P.E.O.A.” He avers that, since the permit mandated that the fence conform to GPEHA covenants and the ordinance was silent as to its own methodology for |7measurement, he was entitled to rely on the objectively written covenant and not on the silence or unwritten interpretation of Gretna’s ordinance.
Questions of law, such as the proper interpretation of a statute, are reviewed under the de novo standard of review. Jefferson Parish Firefighters Ass’n of Louisiana Local 1374 v. Parish of Jefferson, 18-40 (La.App. 5 Cir. 5/23/13); 117 So.3d 246, 250, writ denied, 13-1612 (La.11/15/13); 125 So.3d 1107, citing Red Stick Studio Dev., L.L.C. v. State ex rel. Dept. of Econ. Dev., 10-193 (La.1/19/11); 56 So.3d 181, 187. In Red Stick Studio Dev., L.L.C, at 187-88, the Louisiana Supreme Court explained the following:
The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation of the law may be made in search of the intent of the legislature. However, when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
In this matter, GCO § 18-7,[2] stated the following:
Except as otherwise provided in chapter 102:
(1) The maximum height of a fence or wall bordering the back and side yards of residential property shall be six feet. A side yard fence shall not extend past the front corners of any residence.
(2) A front yard fence or wall shall have a maximum height of six feet, and it shall in no case be of a height or composition so as to present a traffic safety hazard by, for example, obstructing one’s view from a driveway to the adjoining street or vice versa.
After de novo review of the ordinance, we find that GCO § 18-7 was ambiguous. We agree with the trial court that GCO § 18-7 was silent as to the methodology *828 that should have been used to measure the height of the fence. Because GCO § 18-7 did not specify how the maximum height of a fence was to |sbe measured, we decline to declare that the maximum height that Mr. Morice could have erected was six feet above the immediately adjacent grade, as opposed to measuring from the highest adjacent ground elevation requirement set forth in GPEHA’s restrictive covenants. Furthermore, Gretna, through its own permit issued to Mr. Morice, allowed the use of GPEHA’s restrictive covenants measurement. Thus, we do not find merit to Gretna’s arguments and find the trial court did not err in applying the measurement set forth in GPEHA’s restrictive covenants.

Back Fence of Morice Property

Gretna alleges the trial court erred in failing to specify the principles which should apply to the back fence at the Mor-ice property. However, Gretna failed to brief this assignment of error, as required by Uniform Rules, Courts of Appeal, Rule 2-12. According to URCA, Rule 2-12, all assignments of error must be briefed, and the appellate court may consider any assignment of error that is not briefed as abandoned. Therefore, we find Gretna abandpned this assignment of error due to its failure to brief the basis for the alleged error.

Order to Issue Building Permit on Public Property

Gretna alleges the trial court erred in ordering the issuance of a permit to construct a fence that partially encompasses public property. • Gretna argues that the Howard Street side of the fence at Mr. Morice’s residence encroaches onto property that has been dedicated to it for provision of a street and sidewalk. Gretna contends the trial court judgment deprives it and the public of the use and enjoyment of the dedicated property. Gretna also asserts that, because its actions relative to the fence were valid and reasonable, it should not owe Mr. Morice any damages in connection with the fence.
|9Mr. Morice contends the trial court’s ruling is enforceable because Gretna failed to introduce evidence that proves the fence would encompass public property. Mr. Morice asserts that the property survey presented by Gretna makes no representation that a portion of his yard is public property. Mr. Morice avers that because Gretna failed to present evidence that the fence would encompass public property intended for public use, the fence should be permitted to be re-erected in the same location as the first fence.
After review of the record, we find that Gretna failed to present evidence that any portion of the fence would be erected on public property. Although Gretna alleges the fence would partially be located on dedicated public property, it did not put forth evidence that proved its entitlement to the land. Thus, Gretna failed to meet its burden of proving ownership of the land in question. Therefore, we cannot find the trial court erred in ordering the issuance of the permit to re-erect the fence in the same location. Furthermore, we decline to determine whether Gretna owes Mr. Morice any damages in connection with the fence because it is not an issue properly before this Court.[3]
*829 DECREE
For the foregoing reasons, the trial court judgment is affirmed. The City of Gretna is assessed the costs of this appeal.

AFFIRMED.

. Gretna’s assignments of error numbers one through four are interrelated. Accordingly, we will address them jointly.

. GCO § 18-7 was amended on February 8, 2012, to specify how the maximum height of a fence is to be measured. However, we are reviewing the ordinance in effect at the time the controversy commenced.

. The November 19, 2013 judgment does not award Mr. Morice any damages associated with the fence. Thus, the issue of damages is not in the scope of our review. Moreover, we would not reach the merits of whether Gretna should be held liable for damages in connection with the fence because Gretna failed to assign the issue as an error pursuant to Uniform Rules — Courts of Appeal, Rule 2-12.4.