STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 03-1153


LONNEY DEMPSEY, ET AL.

VERSUS

TOWN OF CHENEYVILLE


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 196,759
HONORABLE BERT DEXTER RYLAND, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


BILLY HOWARD EZELL
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

EXCEPTION OF PRESCRIPTION GRANTED; DISMISSED.

Randall Brian Keiser
Keiser, Auzenne & Boudreaux
P.O. Box 12358
Alexandria, LA 71315-2394
(318) 443-6168
Counsel for: Defendant/Appellee
Town of Cheneyville

William Francis Henderson
Attorney at Law
P. O. Box 12956
Alexandria, LA 71315-2956
(318) 449-9857
Counsel for:
Lonney Dempsey, Sr. - Plaintiff/Appellant
Loren One Corporation
Six Pack Shack Plus

**EZELL, JUDGE.**

Lonney Dempsey appeals a trial court judgment which affirmed the Town of Cheneyville's denial of a license to operate a liquor store and lounge. We affirm.

**FACTS**

Dempsey is the owner of businesses named Loren One Corporation and Six Pack Shack Plus. Dempsey applied for a local business permit and occupational license with the Town of Cheneyville for the purpose of operating a nightclub and retail liquor establishment on property located in Cheneyville. At a special meeting on May 4, 1999, the Town denied Dempsey's request.

On July 26, 1999, Dempsey filed a petition for a writ of mandamus and damages asking the district court to direct the Town to issue him the appropriate occupational license and award him damages for failure to issue the license. The Town filed an exception of no right of action which was granted by the trial court on October 25, 1999.

Dempsey appealed the trial court's decision, and in an unpublished opinion, *Dempsey v. Town of Cheneyville*, 00-1568 (La.App. 3 Cir. 2/28/01), this court ruled that Dempsey had a right of action to proceed against the Town in district court seeking a reversal of the Town's decision to deny him a liquor license.

After remand, a trial on the matter was held on February 12, 2003. The trial court found that Dempsey was not entitled to a writ of mandamus directing the Town to issue him a license. Dempsey then filed the present appeal on May 1, 2003.[1]

---

[1] We note that the proceedings below, and previously before this court, involved other parties. However, Lonney Dempsey was the only party to appeal the trial court judgment which is before us now.

1

# PRESCRIPTION

The Town of Cheneyville filed an exception of prescription in this court claiming that Dempsey's claims have prescribed. This exception is properly before this court pursuant to La.Code Civ.P. art. 2163.

The Town argues that La.R.S. 26:106 provides that an appeal to the district court from the denial of a liquor license must be taken within ten days of the denial of the license and Dempsey did not file his petition in the district court until well past the ten days. Dempsey, on the other hand, argues that La.R.S. 26:106 does not apply to his situation because it does not apply to mandamus actions and it only applies to denial of licenses from the Commissioner of Alcoholic Beverages.

Louisiana Revised Statute 26:106 provides: (emphasis added)

A. **Any party aggrieved by a decision** of the commissioner to withhold, suspend, or revoke a permit or **of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court** having jurisdiction of the applicant's or permittee's place of business, proposed or actual as the case may be. Such appeals shall be filed in the district courts in the same manner as original suits are instituted therein. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard. When there has been a previous criminal prosecution for the same or similar act upon which the refusal, suspension, or revocation of a permit is being considered, evidence of an acquittal in a court of competent jurisdiction is admissible in the trial of the appeal.

B. Within ten calendar days of the signing of the judgment by the district court in any such appeal case, the commissioner or the applicant for a permit or permittee, as the case may be, may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases and shall be devolutive only. If the district court determines that the decision of the commissioner or of the local authorities in withholding, suspending, or revoking the permit was in error, the decision of the commissioner or local authorities shall not be voided if the commissioner or local authorities take an appeal to the court of appeals in the time provided for suspensive appeals.

Regardless of how Dempsey styled his petition, he is still challenging the

decision of the Town denying his request for a liquor license. Furthermore, La.R.S. 26:106, as emphasized above, specifically applies to decisions of the local authorities to withhold a permit, i.e., the Town.

Additionally, Dempsey claims that he was never sent notice of the Town's decision. There is no doubt that Dempsey was aware of the decision of the Town on May 4, 1999, as the minutes indicate that his attorney was present and argued on his behalf. Furthermore, La.R.S. 26:106 has no requirement of written notification. It simply states "within ten days of the notification of the decision . . . ."

Therefore, since Dempsey did not file his mandamus action until July 26, 1999, well over ten days after the May 4, 1999 decision of the Town, we find that Dempsey's action was not timely. *Sandi's II, Ltd. v. Assumption Parish Police Jury*, 01-2819 (La.App. 1 Cir. 12/31/02), 837 So.2d 124; *Myers v. City of Lafayette*, 537 So.2d 1269 (La.App. 3 Cir. 1989).

We also observe that Dempsey's appeal to this court was also not timely since La.R.S. 26:106(B) requires that his appeal to this court be filed within ten days of the signing of the district court judgment. The trial court judgment was signed on April 2, 2003, with Dempsey's attorney also signing the judgment. The motion for an appeal was not filed until May 6, 2003.

For these reasons, we grant the Town of Cheneyville's exception of prescription and dismiss Lonney Dempsey's suit. Costs of this appeal are assessed to Lonney Dempsey.

**EXCEPTION OF PRESCRIPTION GRANTED; DISMISSED.**

3