PER CURIAM.
 

 | defendant, the Tangipahoa Parish Council, invokes the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground that the district court declared Chapter 5, Seetion5-38(b) and (c) of Tangipahoa Parish Ordinance Number 07-39 to be unconstitutional. For the reasons that follow, we conclude the issue of constitutionality was not properly raised in the district court. Accordingly, we vacate the judgment of the district court and remand the case for further proceedings.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 Plaintiff, David Paul Rogoz, owns immovable property located in Tangipahoa Parish. On April 24, 2007, plaintiff applied to Tangipahoa Parish for a permit to sell alcoholic beverages at his business, the “Double D Saloon.” Pursuant to Chapter 5, Section 5-38, (b) and (c) of Tangipahoa Parish Ordinance Number 07-39 (hereinafter referred to as the “ordinance”), as adopted on May 14, 2007, plaintiff was required to obtain the written, notarized consent of all adjacent property owners in order to | .¿obtain the permit.
 
 [1]
 
 Plaintiff was only able to obtain the consent of four of
 
 *924
 
 his neighbors, with the fifth neighbor filing a written objection to the issuance of an alcohol permit.
 
 [2]
 
 Accordingly, the permit was denied.
 

 Subsequently, plaintiff filed a petition captioned “Petition for Mandamus and Declaratory Judgment” against the Tangipa-hoa Parish Council (hereinafter referred to as “the parish”). Plaintiffs petition alleged, in pertinent part:
 

 Plaintiff shows that the ordinance requiring the notarized affidavits of consent of neighbors to a facility (bar, tavern, lounge, etc.) is an illegal attempt at zoning whereas Tangipahoa Parish has no zoning ordinance in effect and is unconstitutional on its face and should be so declared.
 

 As relief, plaintiff prayed that the parish be ordered to show cause why section 5-38(b) and (c) of Chapter 5 of the Tangipa-hoa Parish Ordinance No. 07-39 should not be declared unconstitutional. Plaintiff also prayed that the parish be ordered to show cause why it should not be ordered to issue the license for which plaintiff applied.
 

 In response, the parish filed dilatory exceptions of unauthorized use of summary proceedings and improper cumulation of actions. In support, the parish argued that by styling his petition as a rule to show cause, plaintiff was seeking to | shave his petition for declaratory judgment (an ordinary proceeding) tried as a summary proceeding. The parish further argued plaintiff improperly cumulated his mandamus action (a summary proceeding) with his petition for declaratory judgment (an ordinary proceeding),
 

 Plaintiff responded by filing an amended petition deleting his request for a writ of mandamus and rule to show cause. Based on this amended petition, the parish apparently concluded that the objections raised by its exception had been cured, and filed an answer to plaintiffs petition.
 

 The matter then proceeded to a hearing before the district court. At the conclusion of the hearing, the district court ruled in favor of plaintiff, finding the ordinance unconstitutional. In oral reasons for judgment, the court stated, in pertinent part:
 

 I would tell you that I think that in enacting this ordinance, the Council’s heart was in the right place and I understand what they’re trying to do and I don’t think in general, that that’s a bad idea. However, sometimes we enact things that are a little bit too broad to cover the situation. I think that’s what happened here. Again, I think their heart’s in the right place, but the situation comes down to this, this gentleman, the plaintiff has done everything necessary to open up his establishment, with the exception of Chapter 5, Section 538(b) and (c) of the Tangipahoa Parish Ordinance number, which the number specifically is 7-39, which requires the written notarized consent of the neighbors. I note that there was one that didn’t consent. There were others, that did. But in our situation quite frankly, at that point, the Tangipahoa Parish Council doesn’t have a zoning ordinance enacted, which might change my thinking, there’s not anything enacted. This is an attempt to zone where there’s a zoning ordinance that doesn’t exist. Therefore, based on that, I would find in favor of the plaintiff and rule the ordinance in question unconstitutional.
 

 ' On June 2, 2008, the district court signed a written judgment declaring the
 
 *925
 
 ordinance unconstitutional. The judgment provided, in pertinent part:
 

 |JT IS ORDERED, ADJUDGED AND DECREED that Chapter 5, Section 5-38(b) and (c) of Tangipahoa Parish ordinance Number 07-39 is hereby declared unconstitutional.
 

 On June 10, 2008, the parish filed a motion for suspensive appeal, praying that it be granted a suspensive appeal, without bond, returnable to the Court of Appeal, First Circuit. After the appeal was lodged, the Court of Appeal, First Circuit concluded it lacked jurisdiction over the appeal and transferred it to this court.
 

 DISCUSSION
 

 Our jurisprudence has consistently recognized that a constitutional challenge to a law or ordinance must be specially pleaded and the grounds for the claim particularized.
 
 Arrington v. Galen-Med, Inc.,
 
 06-2923 (La.2/2/07), 947 So.2d 719;
 
 Mallard Bay Drilling v. Kennedy,
 
 04-1089 (La.6/29/05), 914 So.2d 533;
 
 Unwired Telecom Corp. v. Parish of Calcasieu,
 
 03-0732, p. 6 (La.1/19/05), 903 So.2d 392 (on rehearing). In
 
 Vallo v. Gayle Oil Company, Inc.,
 
 94-1238, p. 9 (La.11/30/94), 646 So.2d 859, 865, we explained that the purpose of this requirement was to allow the parties to brief and argue the issue at a contradictory hearing in order to make a full record for this court’s review:
 

 The requirement of specially pleading the unconstitutionality of a statute in pleadings implies that this notable issue will receive a contradictory hearing, wherein all parties will be afforded the opportunity to brief and argue the issue.
 
 Cf.
 
 LSA-C.C.P. arts. 929, 963, 966, 1038, 1871. The record of the proceeding could then be reviewed to determine whether the party attacking the statute sustained his or her burden of proof, and whether the trial court attempted to construe the statute so as to preserve its constitutionality. See
 
 Moore v. Roemer,
 
 567 So.2d 75, 78 (La.1990);
 
 Board of Directors of the Louisiana Recovery Dist. v. All Taxpayers, Property Owners and Citizens of the State of Louisiana,
 
 529 So.2d 384, 387-588 (La.1988).
 

 |¡iln the instant case, our review of the record reveals that nothing in plaintiffs original or amended petition specifies any particular provisions of the constitution which he believes the ordinance violated. Rather, his petition merely makes the con-elusory allegation that the ordinance was “an illegal attempt at zoning whereas Tan-gipahoa Parish has no zoning ordinance in effect and is unconstitutional on its face and should be so declared.” Similarly, at the hearing, plaintiffs attorney did not identify any specific constitutional provisions which the ordinance violated. Thus, we are unable to determine from this record whether plaintiff satisfied his burden of identifying a particular constitutional provision that limited the power of the parish to enact this ordinance.
 
 See, e.g., Board of Commissioners v. Department of Natural Resources,
 
 496 So.2d 281, 286 (on rehearing) (“to hold legislation invalid under the constitution, it is necessary to rely on some particular constitutional provision that limits the power of the legislature to enact such a statute”).
 

 Moreover, we have consistently held that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of this is essential to the decision of the case or controversy.
 
 Cat’s Meow v. City of New Orleans,
 
 98-0601 at p. 16 (La.10/20/98), 720 So.2d 1186, 1199. Further, our jurisprudence has resolved that the practice of courts is “never to anticipate a question of constitutional law in advance of the necessity of deciding it.”
 
 Matheme v. Gray Ins. Co.,
 
 95-0975
 
 *926
 
 at p. 3 (La.10/16/95), 661 So.2d 432, 434. In the instant case, there is no indication the district court made a specific determination that the constitutional issue was essential to the resolution of the case. Rather, it seems the district court simply accepted plaintiffs vague assertion that the ordinance was unconstitutional.
 

 |fiUnder these circumstances, the record is woefully inadequate for the purpose of allowing us to determine whether plaintiff sustained his burden of proving that the ordinance was unconstitutional, and whether the trial court attempted to construe the statute so as to preserve its constitutionality. Pretermitting the merits, we conclude that the issue of constitutionality was not properly raised by plaintiff, and the district court acted prematurely in declaring the ordinance unconstitutional. Accordingly, we must vacate the district court’s judgment of unconstitutionality and remand the case to the district court for further proceedings.
 

 DECREE
 

 For the reasons assigned, the judgment of the district court declaring Chapter 5, Section 5-38, (b) and (c) of Tangipahoa Parish Ordinance Number 07-39 to be unconstitutional is vacated and set aside. The case is remanded to the district court for further proceedings consistent with this opinion.
 

 [1]
 

 . The ordinance provides in part:
 

 Sec. 5-38. Location of establishments restricted.
 

 (B) Any facility (bar, tavern, lounge, etc.) selling alcoholic beverages in a residential area in open containers for consumption on premises within five hundred feet (500') of any adjacent property shall have written, notarized consent of adjacent property owners. If said facility does not meet the requirements of this ordinance, permit will be prohibited. This excludes convenience stores or any facility selling packaged liquor which will not be consumed on premises. This does not apply to any facility that is already permitted.
 

 (c) The written, notarized consent of adjacent properly owners shall be submitted as part of the application to the T.P. Sheriff’s Office for Beer, Wine & Liquor Permit.
 

 [2]
 

 . According to plaintiff, the objection was filed by a neighbor who lives 350 feet from plaintiff’s property.