KUHN, J.
 

 12Plaintiff-appelIant, Olde Nawlins Cookery, L.L.C., appeals the district court’s judgment denying its requests for a writ of mandamus directed to defendants-ap-pellees, Sheriff Daniel Edwards (the Sheriff) and the Tangipahoa Parish Council-President Government (the Council), to issue a retail alcoholic beverage permit; and for declaratory relief, seeking a declaration that Tangipahoa Parish Ordinance Number 07-39 (the Ordinance) is unlawful, unconstitutional and, therefore, unenforceable. For the following reasons, the judgment is affirmed in part.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 The parties stipulated to the following relevant facts. Plaintiff is the owner and operator of a restaurant located at 16014 Halbert Lane in Hammond, Louisiana. Plaintiff applied for and was granted an alcoholic beverage permit by the State of Louisiana, Office of Alcoholic Beverage Control, on April 80, 2008. Plaintiff renewed the state-issued alcoholic beverage permit on September 1, 2008. Plaintiff subsequently submitted an application for a retail alcoholic beverage permit to the Sheriff, who referred its application to the Council. Plaintiffs application was on the agenda for the October 14, 2008 Council meeting. The Council disapproved the application “based upon a purported ordinance which requires approval of adjacent landowners where the premises to be licensed are located in a ‘residential area.’ ” The location of plaintiffs premises is in a mixed-use neighborhood. Plaintiffs establishment is not the only commercial activity in this neighborhood. The area in question is not 100 percent residential. Halbert Lane is a private road.
 

 Plaintiff subsequently filed this petition on October 24, 2008, seeking a writ of mandamus directing the Sheriff and the Council to issue the retail alcoholic | sb ever age permit. Plaintiff also requested a declaratory judgment declaring the Ordinance unlawful, unconstitutional and, therefore, unenforceable. Both the Sheriff and the Council answered the lawsuit, generally denying the allegations and plaintiffs entitlement to relief.
 

 A hearing was held at which stipulations of fact and evidence were admitted. There was no testimonial evidence or argument adduced at the hearing. The district court subsequently issued written reasons for judgment outlining the bases for its decision, and, on February 27, 2009, signed a judgment denying both the requested writ of mandamus and declaratory relief. Plaintiff appeals, asserting the district court erred.
 

 DISCUSSION
 

 The decisions of local authorities in withholding retail alcoholic beverage per
 
 *1015
 
 mits are final and binding on all parties unless appealed in the manner provided by the Alcoholic Beverage Control Law and reversed by the courts.
 
 See
 
 La. R.S. 26:105 and 302. Although plaintiff styled its petition as a request for a writ of mandamus and for declaratory relief, it is actually challenging the decision of the Council denying its application for a retail alcoholic beverage permit. To timely perfect an appeal of the district court judgment, appellant must file its appeal with this court within ten calendar days of the date of the judgment.
 
 See
 
 La. R.S. 26:106 B and 303 B.
 

 Although the district court signed its judgment denying both the alternative writ of mandamus and declaratory relief on February 27, 2009, plaintiff did not file this appeal until March 23, 2009, well after the ten-day delay necessary to perfect its appeal. Thus, that portion of the judgment denying the alternative writ of |4mandamus, which is actually a request for a review of the Council’s withholding of a retail alcoholic beverage permit to plaintiff, is not properly before us.
 
 See Dempsey v. Town of Cheneyville,
 
 2003-1153, p. 3 (La.App. 3d Cir.2/4/04), 866 So.2d 355, 357.
 

 Turning now to that portion of the district court’s judgment denying plaintiff declaratory relief, we note that La. C.C.P. art. 1871 authorizes the judicial declaration of “rights, status, and other legal relations whether or not further relief is or could be claimed,” stating that “the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.”
 

 Article 1872 designates who can bring such an action:
 

 A person ... whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the ... statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
 

 Thus, we find that a review of plaintiffs entitlement to a declaration that the Ordinance is unlawful, unconstitutional and, therefore, unenforceable is properly before us.
 

 A declaratory judgment is one which simply establishes the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done, and its distinctive characteristic is that the declaration stands by itself with no executory process following as a matter of course, so that it is distinguished from a direct action in that it does not seek execution or performance from the defendant or the opposing litigants.
 
 Billingsley v. City of Baton Rouge,
 
 95-2162, pp. 4-5 (La.App. 1st Cir.4/30/96), 673 So.2d 300, 302,
 
 unit denied,
 
 96-1490 (La.9/20/96), 679 So.2d 439. Appellate courts review a district court’s | .^decision to grant or deny a declaratory judgment using the abuse of discretion standard.
 
 Mai v. Floyd,
 
 2005-2301, p. 4 (La.App. 1st Cir.12/6/06), 951 So.2d 244, 245,
 
 writ denied,
 
 2007-0581 (La.5/4/07), 956 So.2d 619.
 

 Ordinance 07-39 states in relevant part:
 

 (b) Any facility (bar, tavern, lounge, etc.) selling alcoholic beverages in a residential area in open containers for consumption on premises within five hundred feet (500’) of any adjacent property shall have written notarized consent of adjacent property owners. If said facility does not meet the requirements of this ordinance, permit will be prohibited. This excludes convenience stores or any facility selling packaged liquor which will not be consumed on premises. This does not apply to any facility that is already permitted.
 

 (c) The written, notarized consent of adjacent property owners shall be submit
 
 *1016
 
 ted to [the Sheriffs] Office for Beer, Wine & Liquor Permit.
 

 Plaintiff points out that “residential area” as used in the Ordinance is not defined. Plaintiffs petition averred that the Ordinance “is vague” and, in its district court memorandum and brief to this court, complains that the Ordinance fails to explain how to determine “within five hundred feet (500’) of any adjacent property.” Thus, plaintiff seeks a declaration that the Ordinance is vague and, therefore, unenforceable.
 

 The statutory and jurisprudential rules for statutory construction and interpretation apply equally as well to ordinances, rules, and regulations.
 
 LaMartina v. Louisiana Patient’s Compensation Fund,
 
 2007-2281, p. 8 n. 5 (La.App. 1st Cir.7/21/08), 993 So.2d 249, 253 n. 5. The starting point for the interpretation of any statute is the language of the statute itself.
 
 Id.,
 
 2007-2281 at p. 7, 993 So.2d at 253. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. | fiThe words of a law must be given their generally prevailing meaning. La. C.C. art. 11. The proper interpretation of an ordinance is a question of law, reviewed under the
 
 de novo
 
 standard of review.
 
 See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.,
 
 2006-0582, p. 9 (La.11/29/06), 943 So.2d 1037, 1045.
 

 The parties’ stipulation that plaintiffs premises are located in a mixed-use area concedes that the area includes some residential use. According to WebsteR’s New International Dictionary 1930 (3d ed.1993), residential is defined as “used, served, or designed as a residence or for occupation by residents.” The Council’s construction of the Ordinance to include the mixed-use area as a residential area is a common sense one that is reasonable. Likewise, under the generally prevailing meaning of the words, the phrase “within five hundred feet (500’) of any adjacent property” is readily ascertainable under a common sense interpretation of the words. Clearly, the Ordinance applies to property that is adjacent to that of the applicant and within 500 feet of the facility.
 
 Contrast Summerell v. Phillips,
 
 282 So.2d 450, 453 (La.1973) (an ordinance that gave full discretion to a zoning authority to vary the classifications in the special district there set up, but provided no criteria for the exercise of that power, held unconstitutional).
 

 Because an application of the generally prevailing meaning of the words of the Ordinance is clear and unambiguous and does not lead to absurd consequences, the district court’s conclusion that plaintiff was not entitled to a declaration that the Ordinance is unlawful due to vagueness is correct. Accordingly, the district court did not abuse its discretion in denying the request for declaratory relief on this basis.
 

 Plaintiff also contends entitlement to a declaration that the Ordinance is unconstitutional, alleging that because the Council has not enacted a parish-wide Ivzoning ordinance as it is permitted to do under La. Const. Art. VI, § 17, it is unenforceable.
 
 [1]
 
 La. Const. Art. VI, § 17 states:
 

 Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a
 
 *1017
 
 public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained.
 

 This constitutional provision employs the term “may” and thus is permissive.
 
 See
 
 La. R.S. 1:3. As such, it does not mandate that a parish enact a scheme of zoning regulations.
 
 [2]
 
 Moreover, we can find nothing in the Ordinance that is in conflict with the provisions of either La. Const. Art. VI, § 17 or La. R.S. 33:4780.40
 
 et seq. Cf. Rogoz v. Tangipahoa Parish Council,
 
 2008-2789, p. 5 (La.1/30/09), 21 So.3d 923, 925 (holding that the failure of applicant denied a retail alcohol beverage permit under the Ordinance to identify a particular constitutional provision that the Ordinance violated required the district court’s declaration of the unconstitutionality of the Ordinance to be vacated).
 

 According to the Home Rule Charter for the Council,
 
 [3]
 
 Article I, Section 1-05 provides:
 

 The Parish government shall have the right, power and authority to pass all ordinances requisite or necessary to promote, protect and preserve the general welfare, safety, health, peace and good order of |sthe Parish, including, but not by way of limitation, the right, power and authority to pass ordinances on all subject matters necessary, requisite or proper for the management of Parish affairs, and all other subject matter without exception, subject only to the limitation that the same shall not be inconsistent with the [Louisiana Constitution of 1974] or expressly denied by the general law applicable to the Parish.
 

 Thus, the Council derives its authority to enact the Ordinance from the provisions of its Home Rule Charter, a basis plaintiff has not challenged as an unconstitutional exercise of its police power.
 

 Accordingly, having failed to assert a basis to support a declaration that the Ordinance is unconstitutional, we find no abuse of discretion by the district court in its denial of a declaratory judgment on this basis.
 

 DECREE
 

 That portion of the judgment denying the writ of mandamus, which is actually a request for a review of the Council’s withholding of a retail alcoholic beverage permit to plaintiff, was not timely appealed and thus is not properly before us. That portion of the district court judgment which addressed plaintiffs request for declaratory relief is affirmed. Appeal costs are assessed against plaintiff-appellant, Olde Nawlins Cookery, L.L.C.
 

 AFFIRMED IN PART.
 

 PARRO, J., concurs in part and dissents in part and will assign reasons.
 

 [1]
 

 . Although the attorney general was not served a copy of the petition challenging the constitutionality of the ordinance as required by La. C.C.P. art. 1880, this court notified him of the proceeding and afforded him the opportunity to be heard.
 
 See
 
 La. R.S. 13:4448.
 

 [2]
 

 .
 
 See
 
 La. R.S. 33:4780.40, authorizing certain parishes "to regulate and restrict the height, number of stories, and size of structures; the percentage of lots that may be occupied; courts and other open spaces; the density of population; and the location and use of the buildings, structures, and land for trade, industry, residence, or other purposes[,]” which is also a permissive rather than a mandatory provision allowing a parish to enact a scheme of zoning regulations.