MARC E. JOHNSON, Judge.
l2Plaintiff, James E. Shields, Sr., appeals the granting of summary judgment in favor of Defendant, the Parish of Jefferson (“the Parish”), which dismissed his lawsuit for fraud with prejudice. For the reasons that follow, we reverse.

PROCEDURAL HISTORY

On May 19, 2011, Plaintiff filed a Petition for Damages and for Injunction against the Parish, the Department of Inspection and Code Enforcement for the Parish of Jefferson,[1] and Leroy Danos Maintenance Service, Inc. (“Danos”).[2] In his petition, Mr. Shields alleged that Defendants engaged in fraud by billing him for grass cutting services and debris removal from property they claimed was owned by him when, in fact, said property was owned by the Parish. He further *1050 alleged the Parish scheduled a tax sale of his property for June 15, 2011 in retaliation of his failure to pay the fraudulent bill. Mr. Shields sought damages for fraud, the removal of the fraudulent lien, and an injunction of the tax sale.
[3The Parish responded by filing peremptory exceptions of no cause of action and nonjoinder of an indispensable party relating to Mr. Shields’ request for an injunction. The Parish argued the tax sale was canceled on June 15, 2011 due to lack of notice, thereby rendering Mr. Shields’ request for an injunction moot. It further maintained that the Jefferson Parish Sheriffs Office was a necessary party to the request for injunction and that Mr. Shields had failed to name it as a defendant. These exceptions were ultimately continued without date at the Parish’s request. Thereafter, the Parish answered the petition.
The Parish subsequently filed a motion for summary judgment on the basis Mr. Shields could not prove the Parish acted fraudulently because it acted in complete compliance with the law at all times in adjudicating his violations of the Jefferson Parish Code of Ordinances. The Parish maintained that it was undisputed that Mr. Shields was in violation of the Code of Ordinances and that the work performed by Danos was authorized by statute and documented by photographic evidence.
The Parish attached various documents in support of its motion including: (1) an Act of Cash Sale showing Mr. Shields owned certain property described as Lot 2 of Parcel “A” in the Meadowbrook Subdivision; (2) the inspection file of the Department of Inspection and Code Enforcement showing photographic evidence of certain code violations at the alleged property from January 2008 through January 2009; (3) a violation notice sent to Mr. Shields dated January 29, 2008; (4) an administrative order dated July 14, 2008 finding Mr. Shields’ property at 2958 Glenbrook Drive to be in violation of the Jefferson Parish Code of Ordinances for having junk and debris on the property; (5) a letter from Mr. Shields dated July 25, 2008 requesting additional time to rectify the code violations with which he agreed to be violations; (6) an administrative order dated October 30, 2008 allowing the | ¿Parish to correct the existing violations on Mr. Shields’ property under La. R.S. 13:2575 by removing all junk and debris; (7) a bill in the amount of $1,874.00 for Danos’ services on February 5, 2009 for “[cjutting and/or removal of Weeds, Grass, Debris, and other Vegetation” at 2958 Glenbrook Dr.; (8) photographs taken by Danos of the work it performed at 2958 Glenbrook Dr. on February 5, 2009; (9) a second bill in the amount of $932.00 for Danos’ services on September 17, 2009 for “[cjutting and/or removal of Weeds, Grass, Debris, and other Vegetation” at the Glenbrook Dr. location; and, (10) a release of lien dated June 2, 2010 showing that a lien on the property in the amount of $982.00 had been canceled on May 27, 2010.
Mr. Shields opposed the motion for summary judgment, claiming that the work performed by Danos was not done on his property. He maintained that there was no debris on his property and that all work, which included debris removal and grass cutting, was performed on the vacant lot next to and the servitude behind his property, which Mr. Shields claimed was owned by the Parish. Mr. Shields alleged that he constructed a fence around his property, and all work was performed outside the fence. He further contended that he consistently advised the Parish that he did not own the property on which the work was performed. Mr. Shields argued that the Parish fraudulently billed him for grass cutting services that were *1051 not done on his property. He also argued the Parish committed fraud by billing him for double of Danos’ original bill.
In support of his opposition to the Parish’s motion for summary judgment, Mr. Shields attached various documents including: (1) photographs of his property, showing the wood fence around it; (2) a plot map of his property; (3) correspondence he sent to the Parish advising them that the debris removal and Rgrass cutting were not performed on his property; and (4) correspondence he sent to the Jefferson Parish Sheriffs Office requesting a fraud investigation.
A hearing was held on January 28, 2013. The parties argued their positions and submitted into evidence the exhibits attached to their respective briefs. At the end of the hearing, the trial court granted the Parish’s motion for summary judgment. The trial court subsequently signed a judgment on February 22, 2013, dismissing Mr. Shields’ claims against the Parish with prejudice. It is from this judgment that Mr. Shields appeals.

ISSUES

On appeal, Mr. Shields first contends the trial court erred in granting summary judgment because there is a genuine issue of fact as to who owned and controlled the property on which Danos performed services. Second, he claims there is an issue of fact as to whether the Parish’s conduct in billing him for Danos’ services constituted fraud when the plot map and photographs sent to the Parish clearly show Danos’ work was not done on Mr. Shields’ property. Third, Mr. Shields asserts the Parish judicially confessed that it fraudulently noticed a tax sale when it removed the lien related to the second invoice in the amount of $932.00. Finally, Mr. Shields contends that Jefferson Parish Ordinance 19-21a, which allegedly allows for a 100% surcharge on work performed by a contractor, is unconstitutional.

LAW AND ANALYSIS

A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact Rexists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2); Callis v. Jefferson Parish Hosp. Service, Dist. # 1, 07-580 (La.App. 5 Cir. 12/27/07); 975 So.2d 641, 643.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored in the law. La. C.C.P. art. 966(A)(2); Robinson v. Jefferson Parish School Bd., 08-1224 (La.App. 5 Cir. 4/7/09); 9 So.3d 1035, 1043, writ denied, 09-1187 (La.9/18/09); 17 So.3d 975. Even though the summary judgment procedure is favored, it is not a substitute for trial on the merits. S.J. v. Lafayette Parish School Bd., 06-2862 (La.6/29/07); 959 So.2d 884, 887 (per curiam).
A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines *1052 the outcome of the lawsuit. Hines v. Garrett, 04-806 (La.6/25/04); 876 So.2d 764, 765 (per curiam). A genuine issue is a “triable issue.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94); 639 So.2d 730, 751. If reasonable persons could disagree after considering the evidence, a genuine issue exists. However, if reasonable persons could reach only one conclusion on the state of the evidence, there is no need for a trial on that issue and summary judgment is appropriate. Id.; Alwell v. Meadowcrest Hosp., Inc., 07-376 (La.App. 5 Cir. 10/30/07); 971 So.2d 411, 414. “In determining whether an issue is ‘genuine,’ courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.” Smith, 639 So.2d at 751.
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Matthews v. Banner, 08-339 (La.App. 5 Cir. 10/28/08); 996 So.2d 1161, 1163.
In his petition for damages, Mr. Shields claims the Parish committed fraud by billing him for work that was not performed on his property. Fraud is a misrepresentation or suppression of the truth made with the intention to obtain an unjust advantage or to cause a loss or inconvenience to the other party. La. C.C. art. 1953. A party may obtain recovery when he has suffered a loss due to intentional fraudulent misrepresentation. Taylor v. Dowling Gosslee & Associates, Inc., 44,654 (La.App. 2 Cir. 10/7/09); 22 So.3d 246, 255, writ denied, 09-2420 (La.2/5/10); 27 So.3d 299. The two elements necessary to establish fraud are an intent to defraud or gain an unfair advantage, and a resulting loss or damage. Mooers v. Sosa, 01-286 (La.App. 5 Cir. 9/25/01); 798 So.2d 200, 207.
In its motion for summary judgment, the Parish contended that its contractor legally performed services on Mr. Shields’ property and that Mr. Shields was billed accordingly. Conversely, Mr. Shields maintains he was billed for work that was not done on his property. There are two separate bills at issue: (1) the invoice for Danos’ services performed on February 5, 2009, and (2) the invoice for Danos’ services performed on September 17, 2009.
|sTo support its position that all work done by Danos on February 5, 2009 was performed on Mr. Shields’ property, the Parish attached a copy of its inspection file. The inspection file consists of eight pages and purportedly shows grainy, black and white copies of photographs of Mr. Shields’ property taken on various dates. The first series of six pictures are dated January 29, 2008, with a notation indicating it was the first inspection and a violation was issued. Next, there are four pictures dated February 22, 2008 that were taken upon a “violation re-check” inspection with a notation that a violation still exists. There is also a notation stating, “FORD MUSTANG WITH NO LICENSE PLATE NEVER MOVED AND SAME DEBRIS STILL IN BACKYARD.”
The file also contains 11 pictures dated March 20, 2008, with a notation that the photos were taken as part of a scheduled inspection. On that date, it was noted that the violation still existed and described the violation as
BED FRAME, WOOD, RIM, KITCHEN CHAIR, BUCKETS, BOXES, LADDERS, WHEEL BARROW, RAKE, CAR RAMPS, DISMANTLED *1053 BOAT WITH HEAVY DEBRIS INSIDE, FORD MUSTANG WITH NO LICENSE PLATE, GRAY FORD VAN NO BRAKE TAG OR LICENSE PALTE DRIVER FRONT TIRE FLAT, A WHITE FORD VAN WITH DRIVER REAR TIRE MISSING.
The next series of seven photos, dated May 20, 2008, also resulted from a scheduled inspection. It was noted that a violation still existed; specifically, “JUNK AND DEBRIS STILL EXISTS, IN O.P. VEHICLE STILL EXISTS.”
On July 2, 2008, there was a post-hearing notice inspection that generated nine photos. The inspector found the junk and debris still existed but noted, “THE VAN IS NOW CURRENT.”
On August 14, 2008, an adjudication notice re-check inspection was conducted that resulted in 14 photos. The inspection noted
SCATTERED TRASH, LAWN EQUIPMENT, HOME FURNITURE UNDER CARPORT, MISCELLANEOUS DEBRIS INSIDE OF | .TRAILER, GREEN ISUZU TROOPER NO LICENSE PLATE EXPIRED BRAKE TAG LEAKING FLUIDS, WHITE FOR VAN PASSENGER REAR TIRE FLAT IN FRONT GRASS, MUSTANG IN REAR COVERED WITH GRAY TARP, 2TRAIL-ERS [sic] NO LICENSE PLATE.
A subsequent inspection on October 16, 2008 resulted in 17 photos and the following notation, “A BLACK TROOPER HAS NO LICENSE PLATE EXPIRED BRAKE TAG 2/08, A GREEN TOYOTA CAMRY PARKED ON THE FRONT LAWN [HAS] AN EXPIRED BRAKE TAG 9/08, LIVING ROOM FURNITURE UNDER CARPORT, CAR PARTS, KITCHEN CHAIR, WOOD, SHEETROCK, SCATTERED TRASH ACROSS YARD.”
The final inspection prior to Danos’ work was conducted on January 29, 2009 and yielded 10 photos with a notation stating, “TROOPER IS STRIPPED IN REAR YARD TOYOTA CAMRY IS IN REAR YARD NO LICENSE PLATE FLAT TIRES DEBRIS REMAINS ON PROPERTY UNDER CARPORT AND REAR YARD BOAT IS NOW BEHIND PROPERTY LINE JAKES IS NEEDED ON CLEAN UP HOUSE IS OCCUPIED.”
The final eight photos in the file were taken on February 6, 2009, the day after Danos performed its clean-up work. The inspector noted, “JAKE”S [sic] DID NOT TOW ANY VEHICLES 8 MEN ON CREW BOBCAT 1 HR CLEAN UP LASTED 1:10-2:80 WITH 4 YARDS OF DEBRIS CLEARED.”
The Parish argues these photographs in the inspection file clearly show that the Code violations were on Mr. Shields’ property and that the billed work was performed on Mr. Shields’ property. We disagree. The grainy, black and white photocopies of Mr. Shields’ property contained in the inspection file are of extremely poor quality. We cannot discern from these photocopies the extent of the alleged junk and debris on Mr. Shields’ property prior to or after Danos’ cleanup work. Mr. Shields attached clear color copies of photographs to his | inmotion for summary judgment opposition that purportedly showed debris, including a boat which was listed in the January 29, 2009 inspection report, in an area beyond his property.
In our de novo review of the record, we find it is unclear what debris was removed by Danos on February 5, 2009 and from where. Contrary to the Parish’s argument, we find the photographs in its inspection file are not dispositive of this *1054 issue. Nor do we find the similar poor quality, grainy, black and white copies of photographs submitted by Danos to the Parish show what debris was removed and from where. We cannot tell from the photographs whether all of the work was done within Mr. Shields’ fenced property or whether some of it was performed outside the fenced property. Thus, we find there is a genuine issue of material fact as to whether any work performed by Danos and for which Mr. Shields was billed was done beyond the boundaries of Mr. Shields’ property. Accordingly, we find the granting of summary judgment inappropriate in this case.
Regarding Mr. Shields’ allegation that Jefferson Parish Ordinance 19-21a is unconstitutional, we find that issue is not properly before us on appeal. While there is not a single procedure for challenging the constitutionality of a statute or ordinance, long-standing jurisprudence requires the statute first be questioned in the trial court and not the appellate court. Rogoz v. Tangipahoa Parish Council, 08-2789 (La.1/30/09); 21 So.3d 923, 925; Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94); 646 So.2d 859, 864-65. Additionally, the unconstitutionality of the statute must be specially pleaded and the grounds for the claim particularized. Id. at 865. The unconstitutionality of a statute cannot be asserted in the appellate court unless it has been pleaded and made an issue in the trial court. Id. Therefore, the unconstitutionality of a statute must be raised in a petition, an exception, a motion, [nor an answer. It cannot be raised in a memorandum, opposition, brief, or argument, as they do not constitute pleadings. Id.
The record shows that the only allegation of the unconstitutionality of the ordinance came during Mr. Shields’ argument at the hearing on the motion for summary judgment when he stated, “I contend that it’s absolutely unconstitutional, not only for myself but for other tax payers, to automatically double the bill.” The trial court never ruled on Mr. Shields’ contention that the ordinance was unconstitutional and simply granted the Parish’s motion for summary judgment. Because Mr. Shields failed to specifically plead the unconstitutionality of the ordinance in a petition, an exception, or a motion, the issue of the constitutionality of the ordinance is not properly before us on appeal.

DECREE

Based on the record before this Court, we find that there is a genuine issue of fact that precludes summary judgment. Therefore, we reverse the trial court’s granting of the Parish’s motion for summary judgment and remand the matter for further proceedings.

REVERSED AND REMANDED.

. The summary judgment recognized that Plaintiff incorrectly referred to the Department of Inspection and Code Enforcement for the Parish of Jefferson as a separate entity from the Parish.

. Shortly after Danos answered Plaintiff's petition, Plaintiff’s claims against Danos were dismissed with prejudice upon joint motion of Plaintiff and Danos.